1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                          EASTERN DISTRICT OF CALIFORNIA

8

9    ANDRE KENNETH STUCKEY,                    1:18-cv-01557-SAB (PC)

10                   Plaintiff,                ORDER DENYING PLAINTIFF'S MOTION
                                               FOR APPOINTMENT OF COUNSEL
11         v.
                                               (ECF No. 4)
12   J. JUAREZ, et al.,

13                   Defendants.

14

15         Plaintiff Andrew Kenneth Stuckey is appearing pro se in this civil rights action pursuant to

16   42 U.S.C. § 1983.  Plaintiff initiated this action by a complaint dated October 29, 2018, entered on

17   November 13, 2018.  (ECF No. 1.)

18         Currently before the Court is Plaintiff's motion for appointment of counsel, filed on

19   November 13, 2018.  (ECF No. 4.)  In support, Plaintiff states that he cannot afford to hire an

20   attorney, his imprisonment limits his ability to litigate the complex issues in this case, and evidence

21   and witnesses would be better developed and presented by a lawyer.  Plaintiff also contends that he

22   has bipolar and schizophrenic disorders that are adequately controlled, but he is not taking

23   medications, and they can reemerge at any time.

24         Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

25   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to

26   represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for

27   the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional

28   circumstances the court may request the voluntary assistance of counsel pursuant to section

                                                    1

1915(e)(1).  Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff asserts straightforward allegations of the failure to protect from an inmate attack, and the legal issues present in this action are not complex.  Although the complaint has not yet been screened, the record shows that Plaintiff has thoroughly set forth his allegations in his pleading and is able to adequately articulate his claim.  In addition, at this early stage, the Court cannot determine that Plaintiff is likely to succeed on the merits.  To Plaintiff's mental health diagnoses, although Plaintiff argues that he may at some time be unable to litigate due to symptoms, the record shows a current ability to proceed pro se, and he states that his symptoms are under control.

For these reasons, Plaintiff's motion is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **November 15, 2018**

_____
UNITED STATES MAGISTRATE JUDGE

2