# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANDRE KENNETH STUCKEY, | Case No. 1:18-cv-01557-LJO-SAB (PC) |
|---|---|
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| J. JUAREZ, et al., | (ECF Nos. 15, 16, 17) |
| Defendants. | |

Plaintiff Andrew Kenneth Stuckey is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 27, 2019, the Magistrate Judge screened Plaintiff's originally filed complaint, and found that Plaintiff stated a cognizable claim against Defendants Chanelo and Peacock for violation of the Equal Protection Clause of the Fourteenth Amendment but failed to state any other cognizable claims against any other defendants. (ECF No. 12.) Plaintiff was ordered to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claim. (Id. at 16.)

On April 16, 2019, Plaintiff filed a first amended complaint. (ECF No. 13.) On May 28, 2019, the Magistrate Judge screened Plaintiff's first amended complaint and again found that Plaintiff stated a cognizable claim against Defendants Chanelo and Peacock for violation of the Equal Protection Clause of the Fourteenth Amendment but failed to state any other cognizable

1

claims against any other defendants. (ECF No. 14.) Plaintiff was ordered to either file a second amended complaint or notify the Court of his willingness to proceed only on the cognizable claim. (Id. at 18.)

On June 7, 2019, Plaintiff filed a second amended complaint. (ECF No. 15.) On July 24, 2019, the Magistrate Judge issued findings and recommendations that this action proceed on Plaintiff's complaint against Defendants Chanelo and Peacock, and that all other claims and Defendants be dismissed. (ECF No. 16.) On August 9, 2019, Plaintiff filed objections to the findings and recommendations. (ECF No. 17.)

First, the Court notes that in the filed objections, Plaintiff writes that his claim for violation of the Equal Protection Clause of the Fourteenth Amendment is against Defendants Chanelo, Peacock, Salcedo, Marquez, Gaddis, and Tafoya. (ECF No. 17 at 1.) However, Plaintiff's equal protection claim was only brought against Defendants Chanelo and Peacock and that portion of the complaint did not contain any facts concerning these other Defendants. (ECF No. 15 at 23.) Defendants Salcedo, Marquez, Gaddis, and Tafoya were only named in the deliberate indifference claim under the Eighth Amendment concerning their actions regarding the alleged failure to properly interview Plaintiff after the attack. (ECF No. 15 at 14-16.) To the extent Plaintiff is now alleging that Defendants Salcedo, Marquez, Gaddis, and Tafoya violated his Fourteenth Amendment rights for their actions investigating the attack, such facts do not state a claim for violation of the Equal Protection Clause. Plaintiff argues that these Defendants failed to properly interview him concerning the attack and who the perpetrator was, however, Plaintiff concedes that he informed these Defendants that he had been attacked, and concedes that the attacker, Inmate Poumele, and the other Samoan inmate, Inmate Maiava, were both in fact charged with rules violations for possession of weapons stemming from the incident following the interviews of all inmates. (ECF No. 15 at 16.) In addition, Plaintiff concedes he was found not guilty for any of his actions during the incident. (Id.) Thus, the facts do not demonstrate Plaintiff was treated differently from the Samoan inmates through the investigation and punishment phase of the incident.

Second, regarding Plaintiff's claim for deliberate indifference to a serious medical need,

Plaintiff's objections emphasize that Nurses Vitto and Palomino repeatedly refused to give Plaintiff pain medication for head pain despite his repeated requests for such pain medication, and refused his requests to see a physician. (ECF No. 17 at 13.) Plaintiff was eventually diagnosed by Dr. Patel with posttraumatic headaches and was prescribed Ibuprofen. (Id. at 14.) Plaintiff repeatedly told Dr. Patel that the Ibuprofen was not working for his headaches and demanded a CT Scan. (Id.) The facts alleged do not appear to rise even to the level of medical malpractice or negligence, let alone demonstrate any of the Defendants denied, or intentionally interfered with necessary medical treatment, or that any decision was medically unacceptable or chosen with a conscious disregard of an excessive risk to Plaintiff's health. See Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.").

Third, regarding Plaintiff's claim for deliberate indifference for failure to protect him during the prison riot, the cases cited by Plaintiff do not change the analysis conducted in the Magistrate Judge's findings and recommendations. In Stubbs, cited by Plaintiff, the inmate was being chased down a corridor by twenty to thirty inmates and came across two guards who he requested help from, and the guards entered another room and closed the door leaving the inmate to fend for himself. Stubbs v. Dudley, 849 F.2d 83, 84 (2d Cir. 1988). The Second Circuit found the "evidence supported the conclusion that [the officers] had adequate time to assess the serious threat facing Stubbs and a fair opportunity to afford him protection at no risk to himself or the security of the prison but nevertheless callously refused to permit Stubbs to pass with him to safety behind the administration door." Id. at 86-87. In the other case cased by Plaintiff, the Sixth Circuit held that taking all evidence in favor of Plaintiff, a reasonable jury could conclude the officers had an opportunity to prevent a stabbing death by: "(1) by opening the door to the yard to permit Fails to elude Eggleston; (2) by restraining Eggleston at the door; (3) by shutting the door before Eggleston could follow Fails into the yard; and (4) by intervening when Eggleston attacked Fails in the yard as the guards looked on." Walker v. Norris, 917 F.2d 1449, 1453 (6th Cir. 1990). In Walker, there were multiple opportunities for the guards to intervene over an

extended time to stop the ongoing attack occurring by one inmate against one other inmate. Id. at 1451-52. The facts in the present case do not demonstrate that Defendants were deliberately indifferent to Plaintiff's safety, but were responding to a chaotic riot situation and taking reasonable steps to maintain control through orders to the inmates to prone out in the yard, and coordinated tactics between the team of officers utilizing weapons which in fact dissipated the riot in less than one minute after Plaintiff was attacked, according to Plaintiff's own complaint. (ECF Nos. 11, 14.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds that the Magistrate Judge's findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on July 24, 2019, (ECF No. 16), are adopted in full;
2. This action shall proceed on Plaintiff's second amended complaint, filed June 7, 2019, (ECF No. 15), against Defendants Chanelo and Peacock for violation of the Equal Protection Clause of the Fourteenth Amendment;
3. All other claims and Defendants are dismissed based on Plaintiff's failure to state claims upon which relief may be granted; and
4. This action is referred back to the assigned Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **August 21, 2019**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

4