| | |
|---|---|
| ANDRE KENNETH STUCKEY,<br><br>Plaintiff,<br><br>v.<br><br>J. JUAREZ, et al.,<br><br>Defendants. | Case No. 1:18-cv-01557-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPEAR VIA TELEPHONE AT THE FEBRUARY 20, 2020 SETTLEMENT CONFERENCE<br><br>(ECF No. 26) |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Andre Kenneth Stuckey is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's second amended complaint against Defendants Chanelo and Peacock for violation of the Equal Protection Clause of the Fourteenth Amendment.  (ECF No. 18.)

This case is currently set for a settlement conference before Magistrate Judge Barbara A. McAuliffe on February 20, 2020, at 9:30 a.m. at the United States Courthouse located at 2500 Tulare Street, Fresno, California.  (ECF No. 24.)

Currently before the Court is Plaintiff's motion to appear via telephone at the settlement conference, filed on December 30, 2019.  (ECF No. 26.)  Plaintiff states that he will not be able to physically appear at the settlement conference because he is a currently enrolled full-time college student at the College of the Redwoods, which offers on-site classes at Pelican Bay State Prison. Plaintiff asserts that, if he is forced to physically attend the scheduled settlement conference in the

middle of the Spring college semester, it will negatively affect his grades.

Generally, the Court allows inmates to appear telephonically for pretrial proceedings; however, the Court finds that settlement conferences are not productive without the ability to have face-to-face contact with the participants. Therefore, the Court requires the parties to personally appear for settlement conferences. The Court's past experience has demonstrated that the California Department of Corrections and Rehabilitation's telephone and/or video conferencing system can be unreliable; and, thus, it is insufficient for the purposes of conducting a settlement conference. Consequently, the Court finds that it is not practicable to allow an inmate to appear by telephone at a settlement conference.

Plaintiff is advised that, unless he chooses to dismiss his lawsuit, he is obligated to litigate this action, which may necessitate, among other things, transportation from his institution to the court or other locations for proceedings at which Defendants may be present. Plaintiff will only be re-housed for a short period of time to accommodate the settlement conference. In addition, the settlement conference is scheduled for February 20, 2020, which means that Plaintiff will have plenty of time after the scheduled settlement conference to complete his Spring semester college coursework before the Spring semester ends in May 2020.

Accordingly, Plaintiff's motion to appear via telephone at the February 20, 2020 settlement conference, (ECF No. 26), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: __January 2, 2020__                          _____
                                                     UNITED STATES MAGISTRATE JUDGE