# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KENNETH STUCKEY,<br><br>             Plaintiff,<br><br>     v.<br><br>J. JUAREZ, *et al.*,<br><br>             Defendants. | Case No. 1:18-cv-1557-AWI-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MARCH 16, 2020 REQUEST FOR REASSIGNMENT TO U.S. DISTRICT JUDGE, ORDER STRIKING DOCKET ENTRY NO. 39, and ORDER CONFIRMING ASSIGNMENT OF ACTION TO MAGISTRATE JUDGE STANLEY A. BOONE<br><br>(Doc. Nos. 38, 39) |

      Plaintiff Andre Kenneth Stuckey is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      On December 3, 2018, Plaintiff consented to United States Magistrate Judge jurisdiction. Doc. No. 10. On February 12, 2020, Defendants Chanelo and Peacock also consented to United States Magistrate Judge jurisdiction. Doc. No. 36. Therefore, on February 13, 2020, District Judge Dale A. Drozd issued an order reassigning this action to Magistrate Judge Stanley A. Boone for all purposes within the meaning of 28 U.S.C. § 636(c). Doc. No. 37.

      However, on March 16, 2020, Plaintiff filed a second form re consent or request for reassignment. Doc. No. 38. In his March 16, 2020 filing, Plaintiff declined jurisdiction of a United States Magistrate Judge and requested reassignment of this action to a United States District Judge by checking the "decline" box on the consent form. Id. Pursuant to Plaintiff's March 16, 2020 filing, the Clerk's office reassigned this action to the undersigned as presiding judge and to Magistrate Judge Boone as the referral judge. Doc. No. 39.

      However, Plaintiff cannot withdraw his already previously given consent to Magistrate Judge jurisdiction by simply filing the March 16, 2020 form and checking the box to decline

1

Magistrate Judge jurisdiction.  Instead, if Plaintiff wants to withdraw his consent, then Plaintiff must file a motion to withdraw his consent to Magistrate Judge jurisdiction.  See 28 U.S.C. § 636(c)(4); Gilmore v. Lockard, 936 F.3d 857, 863 (9th Cir. 2019); Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge.").[1]  To the extent that Plaintiff intended that the March 16, 2020 form declining Magistrate Judge jurisdiction be construed as a motion to withdraw his consent § 636(c)(4), it fails to show good cause or extraordinary circumstances.  See Branch, 936 F.3d at 1004.  There is simply no basis to permit Plaintiff to withdraw his consent or reassign this case from Magistrate Judge Boone.  The reassignment of this case from Magistrate Judge Boone to the undersigned was in error and shall be corrected.

Accordingly, it is HEREBY ORDERED that:

1. Docket entry number 39, a notice of reassignment, is STRICKEN;
2. This action remains assigned to United States Magistrate Judge Stanley A. Boone for all purposes within the meaning of 28 U.S.C. § 636(c), to conduct any and all further proceedings in this case, including trial and entry of final judgment, pursuant to Doc. No. 37;
3. The case number shall continue to be 1:18-cv-1557 SAB (PC) and all further filings in this matter shall use that case number; and
4. The Clerk shall correct the case number from 1:18-cv-1557 AWI SAB (PC) to 1:18-cv-1557 SAB (PC).

IT IS SO ORDERED.

Dated: March 19, 2020

SENIOR DISTRICT JUDGE

---

[1] The Court notes that a motion to withdraw consent should be directed to the District Judge who reassigned the matter under § 636 to the Magistrate Judge.  See Branch, 936 F.3d at 1003-05.