UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KENNETH STUCKEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. JUAREZ, et al.,<br><br>　　　　　Defendants. | No. 1:18-cv-01557-SAB (PC)<br><br>ORDER DENYING REQUEST TO WITHDRAW CONSENT TO JURISDICTION OF MAGISTRATE JUDGE<br><br>(Doc. No. 41) |

**PROCEDURAL HISTORY**

Plaintiff Andrew Kenneth Stuckey is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint in this action on November 13, 2018. (Doc. No. 1.) On December 3, 2018, plaintiff consented to the jurisdiction of the magistrate judge for all purposes. (Doc. No. 10.)

On March 27, 2019, the magistrate judge screened plaintiff complaint, and found that plaintiff stated a cognizable claim against Defendants Chanelo and Peacock for violation of the Equal Protection Clause of the Fourteenth Amendment but failed to state any other cognizable claims against any other defendants. (Doc. No. 12.) Plaintiff was ordered to either file a first amended complaint or notify the court of his willingness to proceed only on the cognizable claim. (*Id.* at 16.)

/////

On April 16, 2019, plaintiff filed a first amended complaint. (Doc. No. 13.) On May 28, 2019, the magistrate judge screened plaintiff's first amended complaint and again found that plaintiff stated a cognizable claim against Defendants Chanelo and Peacock for violation of the Equal Protection Clause of the Fourteenth Amendment but failed to state any other cognizable claims against any other defendants. (Doc. No. 14.) Plaintiff was ordered to either file a second amended complaint or notify the court of his willingness to proceed only on the cognizable claim. (*Id.* at 18.)

On June 7, 2019, plaintiff filed a second amended complaint. (Doc. No. 15.) On July 24, 2019, the magistrate judge issued findings and recommendations that this action proceed on plaintiff's complaint against Defendants Chanelo and Peacock, and that all other claims and defendants be dismissed. (Doc. No. 16.) The matter was assigned to then–Chief Judge Lawrence J. O'Neill. On August 9, 2019, plaintiff filed objections to the findings and recommendations. (Doc. No. 17.) The findings and recommendations were adopted on August 22, 2019, and service was ordered on the second amended complaint. (Doc. Nos. 18, 19.) Defendants filed an answer to the complaint on December 5, 2019, and the matter was referred to post-screening ADR on December 10, 2019. (Doc. No. 24.) Plaintiff filed a motion to opt out of the settlement conference on January 30, 2020. (Doc. 30.)

On February 3, 2020, the district judge in this case was then unassigned due to the retirement of Judge O'Neill. (Doc. 31.) Thereafter, on February 12, 2020, defendants consented to the jurisdiction of the magistrate judge for all purposes and this matter was assigned to Magistrate Judge Stanley A. Boone for all purposes in light of plaintiff also having consented to Magistrate Judge jurisdiction on December 3, 2018. (Doc. Nos. 36, 37; *see also* Doc. No. 10.)

On March 16, 2020, plaintiff filed a form declining the jurisdiction of the magistrate judge and the matter was inadvertently assigned by the Clerk of the Court to Senior District Judge Anthony W. Ishii. (Doc. No. 38.) The reassignment was stricken on March 19, 2020, by Judge Ishii. (Doc. No. 40.) On April 3, 2020, plaintiff filed the instant motion to withdraw consent to the magistrate judge. (Doc. No. 41.)

/////

**DISCUSSION**

Plaintiff now seeks to withdraw his consent to magistrate judge jurisdiction claiming that he mistakenly checked the wrong box on the consent form that he filed with the court on December 3, 2018.

If all parties to a civil action consent, all proceedings including trial and entry of judgment may be conducted by a magistrate judge. 28 U.S.C. § 636(c)(1); *Branch v. Umphenour*, 936 F.3d 994, 1000 (9th Cir. 2019); *Dixon v. Ylst*, 990 F.2d 478, 479-80 (9th Cir. 1993). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon*, 990 F.2d at 480. Under both the United States Code and the Federal Rules of Civil Procedure, once a civil case is referred to a magistrate judge under § 636(c), the reference can be withdrawn by the court only "for good cause on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3); *Branch*, 936 F.3d at 1002; *Dixon*, 990 F.2d at 480. "Good cause" and "extraordinary circumstances" are high bars that are difficult to satisfy. *Branch*, 936 F.3d at 1004. "Neither mere dissatisfaction with a magistrate judge's decisions, nor unadorned accusations that such decisions reflect judicial bias, will suffice." *Id.* A motion to withdraw consent or reference is to be decided by the district judge, not the magistrate judge. *Id.* at 1003.

Here, although plaintiff states that he mistakenly consented to the jurisdiction of the magistrate judge, he unambiguously checked, signed, and dated the box labeled "CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE," which states clearly "[t]he undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case." (Doc. No. 10.)[1] The court therefore finds that plaintiff voluntarily consented to the jurisdiction of the magistrate judge. *See Viens v. Sherman*, 775 F.

/////

/////

---

[1] The box to decline jurisdiction states: "*DECLINE* OF JURISDICTION OF A UNITED STATES MAGISTRATE JUDDE AND REQUEST FOR REASSIGMENT." (Doc. No. 6-1.) In that box, the form indicates: "The undersigned declines to consent to a United States Magistrate Judge and requests random assignment to a United States District Judge." (*Id.*)

1  App'x 328, 329 (9th Cir. 2019)[2] (bold check in the consent box, even when there was faint check
2  in decline box, demonstrates consent to magistrate jurisdiction).

3  While the court in *Branch* observed that "the statutory scheme seems to contemplate a
4  contemporaneous or near-contemporaneous decision [to consent to magistrate judge jurisdiction]
5  by the parties, not piecemeal acceptance over the course of years of litigation" *Branch*, 936 F.3d
6  at 1000 n. 4, it did so in the context of a more than seven-year gap between the time of plaintiff's
7  consent and defendants' subsequent consent to magistrate judge jurisdiction.[3]  Here, in contrast,
8  slightly more than fourteen months passed from plaintiff's original consent on December 3, 2018
9  (Doc. No. 10) to defendants' consent on February 12, 2020 (Doc. No. 36).  During that period of
10 time, the case proceeded through screening and service was ordered on August 26, 2020 (Doc.
11 No. 19).  This is not an unusually extended gap between a plaintiff's and a defendant's consent in
12 a prisoner civil rights case.

13 Plaintiff has failed to demonstrate good cause or extraordinary circumstances exist to
14 permit him to withdraw his consent in this action.  *See Jamison v. Palagummi*, No. 2:13-CV-
15 01705 AC P, 2014 WL 2859085, at *1 (E.D. Cal. June 23, 2014) (allegation that mental
16 conditions did not allow plaintiff to fully understand what consenting to magistrate jurisdiction
17 meant does not establish good cause or extraordinary circumstances to withdraw consent).  To
18 allow withdrawal based upon plaintiff's simple assertion that he inadvertently consented,
19 particularly given the clarity of the consent form and the absence of other evidence suggesting
20 consent was not voluntary and knowing, would render the extraordinary circumstances standard
21 inoperable.  The Ninth Circuit has specifically cautioned against weakening this standard.  *See*
22 *Gilmore v. Lockard*, 936 F.3d 857, 862 (9th Cir. 2019) ("Allowing a party to withdraw consent
23 without utilizing the good cause standard could indeed allow a litigant to 'shop' between a
24 /////

---

25 [2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule
26 36-3(b).

27 [3] Moreover, even with that seven year gap between the parties' consents, the court assumed for
   purposes of the appeal that the plaintiff's consent remained effective.  *Branch*, 936 F.3d at 1000
28 n. 4.

4

magistrate and a district judge."). Plaintiff's motion to withdraw his consent to a magistrate judge will be denied.[4]

**ORDER**

Accordingly, plaintiff's motion to withdraw his consent (Doc. No. 41) to the jurisdiction of the magistrate judge is DENIED.

IT IS SO ORDERED.

Dated:   **May 26, 2020**                         /s/ Dale A. Drozd
                                                   UNITED STATES DISTRICT JUDGE

---

[4] Here, after plaintiff consented to magistrate judge jurisdiction on December 3, 2018, the magistrate judge issued screening orders on March 27, 2019, May 28, 2019 and findings and recommendation on July 24, 2019, in each of which the magistrate judge concluded that, in part, plaintiff had failed to state cognizable claims in some respects but had done so as to others. (Doc. Nos. 12, 14 and 16.) On November 15, 2018, the magistrate judge had also denied plaintiff's motion for appointment of counsel.