UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KENNETH STUCKEY,<br><br>  Plaintiff,<br><br>  v.<br><br>J. JUAREZ, et al.,<br><br>  Defendants. | 1:18-cv-01557-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR STAY AS MOOT<br><br>(ECF Nos. 46, 48) |

Plaintiff Andrew Kenneth Stuckey is appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Both parties consented to United States Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 37.)

Currently before the Court is Defendants' exhaustion-related motion for summary judgment, filed on June 5, 2020.

**I.**

**RELEVANT BACKGROUND**

This action shall proceed on Plaintiff's second amended complaint, filed June 7, 2019, (ECF No. 15), against Defendants Chanelo and Peacock for violation of the Equal Protection Clause of the Fourteenth Amendment.

On December 5, 2019, Defendants filed an answer to the second amended complaint. (ECF No. 23.) On February 7, 2020, the Court issued the discovery and scheduling order. (ECF No. 35.)

///

1

As previously stated, on June 5, 2020, Defendants filed an exhaustion-related motion for summary judgment. Plaintiff did not file an opposition and the time to do so has expired. Local Rule 230(l). Accordingly, Defendants' motion for summary judgment is submitted for review without oral argument. Id.

## II.

## LEGAL STANDARD

### A.    Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory unless unavailable. Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) also requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" Woodford v. Ngo, 548 U.S. 81, 90 (2006) (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effective without imposing some orderly structure on the course of its proceedings." Id. at 90-91. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

///

2

The failure to exhaust is an affirmative defense, and the defendant or defendants bear the burden of raising and proving the absence of exhaustion. Id. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendant or defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. Id.

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010). "The evidence must be viewed in the light most favorable to the nonmoving party." Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2014).

Initially, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. If the defendant meets that burden, the burden of production then shifts to the plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. However, the ultimate burden of proof on the issue of administrative exhaustion remains with the

defendant. Id. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## III.

## DISCUSSION

### A. Summary of CDCR's Administrative Appeal Process

A prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") satisfies the administrative exhaustion requirement for a non-medical appeal or grievance by following the procedures set forth in California Code of Regulations, title 15, §§ 3084-3084.9.

California Code of Regulations, title 15, § 3084.1(a) provides that "[a]ny inmate … under [CDCR's] jurisdiction may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate … can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." An inmate is required to use a CDCR Form 602 to "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a). An inmate is limited to one issue, or related set of issues, per each CDCR Form 602 and the inmate "shall state all facts known and available to [them] regarding the issue being appealed at the time of submitting" the CDCR Form 602. Cal. Code Regs. tit. 15, § 3084.2(a)(1) & (a)(4). Further, the inmate "shall list all staff member(s) involved and … describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a)(3). If known, the inmate must include the staff member's last name, first initial, title or position, and the dates of the staff member's involvement in the issue being appealed. Id. If the inmate does not know the staff member's identifying information, the inmate is required to "provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." Id.

///

///

4

Unless the inmate grievance falls within one of the exceptions stated in California Code of Regulations, title 15, §§ 3084.7(b)(1)-(2) and 3084.9, all inmate grievances are subject to a three-step administrative review process: (1) the first level of review; (2) the second level appeal to the Warden of the prison or their designee; and (3) the third level appeal to the Secretary of CDCR, which is conducted by the Secretary's designated representative under the supervision of the third level Appeals Chief. Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(a)-(d). Unless the inmate grievance deals with allegations of sexual violence or staff sexual misconduct, an inmate must submit the CDCR Form 602 and all supporting documentation to each the three levels of review within 30 calendar days of the occurrence of the event or decision being appealed, of the inmate first discovering the action or decision being appealed, or of the inmate receiving an unsatisfactory departmental response to a submitted administrative appeal. Cal. Code Regs. tit. 15, §§ 3084.2(b)-(e), 3084.3, 3084.6(a)(2), 3084.8(b). When an inmate submits an administrative appeal at any of the three levels of review, the reviewer is required to reject the appeal, cancel the appeal, or issue a decision on the merits of the appeal within the applicable time limits. Cal. Code Regs. tit. 15, §§ 3084.6(a)-(c), 3084.8(c)-(e). If an inmate's administrative appeal is rejected, the inmate is to be provided clear instructions about how to cure the appeal's defects. Cal. Code Regs. tit. 15, §§ 3084.5(b)(3), 3084.6(a)(1). If an inmate's administrative appeal is cancelled, the inmate can separately appeal the cancellation decision. Cal. Code Regs. tit. 15, § 3084.6(a)(3) & (e).

**B.  Summary of Relevant Factual Allegations of Plaintiff's Second Amended Complaint**

Plaintiff claims that Defendants Chanelo and Peacock violated Plaintiff's equal protection rights when they ordered all the black inmates, including Plaintiff, to be strip-searched and ordered all of their personal clothing and property to be destroyed, while they did not strip-search the other inmates, including Inmates Maiava, Poumele, and Bautista, and allowed those inmates to keep their personal clothing and property, and did not take their items for evidence. Plaintiff claims the discriminatory effect and intent of Defendants Chanelo and Peacock violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment.

**C.     Undisputed Material Facts (UMF)[1]**

1.     At all times relevant to the second amended complaint, Plaintiff was a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison (KVSP) in Delano, California. (Pl.'s Second Am. Compl, ECF No. 15 at 1.)

2.     CDCR and its institutions, including KVSP, have an administrative grievance process for grieving issues that affect inmates. (Declaration of C. Gonzalez [Gonzalez Decl.] ¶ 2; Declaration of H. Moseley [Moseley Decl.] ¶¶ 3-4.)

3.     While at KVSP, Plaintiff submitted only one appeal about staff misconduct related to the October 22, 2014 riot. Appeal number KVSP-14-03740 (Inmate Appeals Branch number 1408283). (Gonzales Decl. ¶ 7 & Ex. B; Moseley Decl. ¶¶ 7-8 & Ex. B.)

4.     In Appeal No. KVSP-14-03740, Plaintiff claimed that just before a riot on October 22, 2014, sergeants Juarez and Pereira failed to secure the yard, during which officers Schlichting, Velasquez, Fernandez, Maldonado, and Reyna allowed inmate Poumele to attack him, resulting in serious injuries. Plaintiff further claimed that Investigative Services Unit (ISU) sergeants Peacock and ISU officer Marquez, Salcedo, Gaddis, and Tafoya refused to interview him regarding the assault in retaliation against his previous CDCR 602 appeals regarding staff misconduct. (Gonzales Decl. ¶ 8 & Ex. B; Moseley Decl. ¶ 9 & Ex. B.)

5.     Plaintiff did not identify Chanelo by name or title in Appeal No. KVSP-14-03740. (Gonzales Decl. ¶9 & Ex. B; Moseley Decl. ¶¶ 8-9 & Ex. B.)

6.     Plaintiff did not allege that any staff member (i.e. Peacock and Chanelo) had wrongfully searched, confiscated, and/or destroyed his property, or subjected him to an

---

[1] **Error! Main Document Only.**Plaintiff neither admitted or denied the facts set forth by defendant as undisputed nor filed a separate statement of disputed facts. Local Rule 56-260(b). Therefore, the court was left to compile the summary of undisputed facts from Defendants' statement of undisputed facts and Plaintiff's second amended verified complaint. A verified complaint in a pro se civil rights action may constitute an opposing affidavit for purposes of the summary judgment rule, where the complaint is based on an inmate's personal knowledge of admissible evidence, and not merely on the inmate's belief. McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curium); Lew v. Kona Hospital, 754 F.2d 1420, 1423 (9th Cir. 1985); F.R.C.P. 56(e). Because Plaintiff neither submitted his own statement of disputed facts nor addressed Defendants' statement of undisputed facts, the Court accepts Defendants' version of the undisputed facts where Plaintiff's second amended verified complaint is not contradictory. The Court notes for the record that plaintiff was provided with the requirements for opposing a motion for summary judgment by Defendants in a notice filed on June 5, 2020. (ECF No. 46.) Therefore, the requirements of Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988) have been satisfied.

inappropriate strip-search in Appeal No. KVSP-14-03740.  (Gonzales Decl. ¶ 10; Moseley Decl. ¶ 12.)

7. While at KVSP, Plaintiff submitted only one appeal alleging that KVSP staff had inappropriately searched, confiscated and/or destroyed his property: Appeal No. KVSP-15-00338 (Inmate Appeals Branch number 1412317).  (Gonzales Decl. ¶ 15; Moseley Decl. ¶ 10.)

8. In Appeal No. KVSP-15-00338, Plaintiff claimed that on January 29, 2015, sergeant Jones and officers Rojo and Perez confiscated his television, CD player, headphones, and fan that were inappropriately destroyed while he was on "C-status."  (Gonzales Decl. ¶ 16, Moseley Decl. ¶ 11.)

9. Plaintiff did not identify either Peacock or Chanelo by name or title in Appeal No. KVSP-15-00338, nor assert that either had searched, confiscated, and/or destroyed his property, or subjected him to an inappropriate strip-search.  (Gonzales Decl. ¶ 18; Moseley Decl. ¶ 12.)

**D.    Analysis of Defendants' Motion**

Defendants argue they are entitled to judgment as a matter of law because it is undisputed that Plaintiff failed to exhaust his administrative remedies regarding the claim in this case.  As previously stated, this action proceeds solely against Defendants Chanelo and Peacock for violation of the Equal Protection Clause of the Fourteenth Amendment.

As an initial matter, it is undisputed that KVSP has an administrative grievance process of which Plaintiff utilized.  (Second Am. Compl. at 2.)

In his verified second amended complaint, Plaintiff submits that he exhausted all the administrative remedies with respect to his claim.  Plaintiff specifically states, in pertinent part, "The Plaintiff filed a '602' Appeal #KVSP-14-03740, dealing with all the claims mentioned in this complaint regarding the officers[.]"  (Second Am. Compl. at 2.)

It is undisputed that there are only two inmate appeals that are potentially relevant to Plaintiff's claim: Appeal Nos. KVSP-14-04740 and KVSP-15-00338.  (UMF Nos. 3, 7.)  In Appeal No. KVSP-14-03740, Plaintiff alleged the following:

> On October 22, 2014, sergeant J. Juarez and sergeant Pereira failed to secure the yard during a code "1" alarm which lead to me rec[ei]ving head injuries during a riot[.]

7

> On October 22nd, 2014, sergeant J. Juarez responded to a code "1" alarm in facility "A" dining two (2). Sergeant Pereira arrived a minute later[.] Ten (10) minutes later, a riot occurred in the yard due to the fact that sergeant Juarez and Pereira failed to have the yard secured while an incident was occurring in the dining hall.
>
> Before the riot occurred all inmates occurred all inmates in the yard were in the prone position on the ground[.] Sergeant Pereira [and] sergeant Juarez, yard officers Schlichting, yard officer Velasquez, officers Fernandez, J. Maldonado, Reyna, allowed inmate Roumele #635501 to get up and run approximately 60 yards to the area I was in and cut me three (3) times in the head with a manufactured weapon which resulted in serious injuries[.] I.S.U. sergeant Peacock and I.S.U. officers Marquez, Salcedo, Tafoya [and Gaddis] refused to interview me regarding the assault in relation for prior "602" appeals I've filed against staff[.]

(Gonzalez Decl., Ex. B; Moseley Decl., Ex. B.) Thus, it is evident that Plaintiff did not claim that Defendants Peacock or Chanelo had wrongfully searched, confiscated, and/or destroyed his property, or subjected him to an inappropriate strip-search. Further, Defendant Chanelo was not even named in this appeal. Therefore, Appeal No. KVSP-14-03740 did not put the prison on notice of the specific equal protection claim at issue in this action.

In Appeal No. KVSP-15-00338, Plaintiff alleged, in pertinent part, the following:

> On January 29th, 2015, B-yard sergeant Jones ordered B-yard, G building officers Rojo and Perez to confiscate my television, C.D. player, adapter, [coaxial] cable, headphones and fan due to the fact that I am on C-status[.]
>
> On January 30th, 2015, sergeant Jones had my television and other appliances destroyed due to the fact that I did not have the money to send my television and other appliances <u>home</u>.
>
> Since I am a participant in the mental health "CCCMS" level of care, I am "supposed" to be allowed to keep my television and other appliances <u>while</u> on <u>C-status</u> to keep my mental health from deteriorating while on C-status[.] Sergeant Jones disagreed and <u>refused</u> to return my television and other appliances to me.

(Gonzales Decl. Ex C; Moseley Decl., Ex. C.) (emphasis in original). Although this appeal deals with the destruction of Plaintiff's property, it relates to an event that is completely distinct from the alleged claim in this action. This appeals complains about an event which took place on January 29, 2015, whereas, the event at issue in this case relates to the riot that occurred on October 22, 2014. Further, Plaintiff's allegations in this appeal involve individuals not named in this action. Indeed, neither Defendant was named in this appeal. Thus, it is undisputed that Appeal No. KVSP-

8

15-00338 did not exhaust Plaintiff's equal protection claim against Defendants Peacock and Chanelo.

Defendants have meet their burden of proof in demonstrating that Plaintiff failed to properly exhaust the administrative remedies prior to filing suit. Plaintiff did not file an opposition and there is no evidence before the Court that something in this case made the existing administrative remedies effectively unavailable to Plaintiff. The Ninth Circuit has held that there are exceptions to the general PLRA exhaustion requirement where the actions of prison staff render a prisoner's administrative remedies "effectively unavailable." See Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (a Warden's rejection based upon mistaken reliance on a regulation "rendered [the prisoner's] administrative remedies effectively unavailable"); Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010) (prison officials can render "administrative remedies effectively unavailable by improperly screening a prisoner's grievances"); Albino v. Baca, 747 F.3d at 1177 (failure to inform a prisoner of the administrative appeals process following multiple requests for instruction rendered his administrative remedy effectively unavailable); McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015) ("the threat of retaliation for reporting an incident can render the prison grievance process effectively unavailable."); Brown v. Valoff, 422 F.3d at 940 (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available). Specifically, there is no evidence that Plaintiff was unaware of the prison's administrative grievance procedure, or that any prison official erred in the interpretation of any regulation in deciding the administrative appeals. Accordingly, Defendants' motion for summary judgment should be granted, and the action should be dismissed, without prejudice, for failure to exhaust the administrative remedies.

**IV.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion for summary judgment is granted;

2. The instant action is dismissed, without prejudice, for failure to exhaust the administrative remedies; and

3. Defendants' motion to stay merits-based discovery, filed on July 20, 2020, is denied

as rendered moot.

IT IS SO ORDERED.

Dated: __July 24, 2020__

UNITED STATES MAGISTRATE JUDGE

10